**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALZONTA MAGEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  05-087-GPM** |
| | ) | |
| **STEVEN KEIM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is before the Court on Plaintiff's motion to reconsider (Doc. 12).  Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure.  The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).  As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated.  Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'"  *Id.* (citations omitted).

The order in question (Doc. 10) was entered on February 17, 2006; the proof of service attached to the instant motion is dated February 27, 2006, within the 10-day period.  *See* FED. R. CIV.

P. 59(e).  Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied*, 117 S. Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In this motion, Plaintiff first argues that the Court erred in dismissing Defendants Middendorf, Walker, Hile, and Anderson.  As a basis for this argument, he relies on three cases out of the Northern District of Illinois, two of which are unpublished opinions.  In brief, he argues that an allegation that a particular individual denied a grievance is sufficient to establish personal involvement on the part of that party.  In revisiting the amended complaint, the Court now quotes the allegations against each of these Defendants:

> Debi Middendorf has failed to do her job as a grievance officer and has denied my due process to administrative relief by not fully investigating my issues of not being included in the Passover Feast of Unleavened Bread and I have also been denied access to the full investigation into my religious diet need and religious tenets to not commererate any other religious traditions by Debi Middendorf, which she has clearly denied my United States Constitutional Rights as a state prisoner to Administrative relief and my due process rights.

The allegations in the amended complaint against the other individuals are even briefer and more tenuous than those against Middendorf.  Plaintiff merely states:

> Defendants Roger E. Walker Jr., Sherry Hile and Terri Anderson all denied my entitled rights by denying grievances and/or not returning one grievance.

Exhibits attached to the amended complaint refute Plaintiff's contentions.  Plaintiff's first

grievance, dated May 6, 2003, related to his not being included in the Passover Feast, which took place April 17-24, 2003.  In that grievance, Plaintiff requested that Keim be removed from his position as chaplain and that he and other Hebrew Israelites be allowed to participate in religious activities.  Middendorf's response to that grievance, dated June 23, 2003, states that according to Keim, no Hebrew Israelites requested participation in the meal; therefore, they were not included on the list.  Understandably, she denied the request to remove Keim from his job as chaplain; however, she granted his other request, stating that "Inmate Magee can participate in Hebrew Israelites when on the list to do so."  What other relief could Plaintiff reasonably expect?  The Passover Feast had already ended; Middendorf did not have the power to turn back time to allow him to participate in festivities that have already taken place.  Likewise, Hile's response to his appeal echoes Middendorf's response; her reasonable response, dated December 11, 2003, and endorsed by Walker, does not support a claim that either she or Walker failed to respond to his grievance on this matter.

Plaintiff's second grievance, dated January 28, 2004, involved meals served on December 3, 2003, and January 8, 2004.  On each of those dates, an Islamic holiday was commemorated by serving a special meal in the cafeteria to all residents.  Plaintiff argued that he should not have been "forced" to observe the traditions of another faith, and his sole request was that religious meals be separated from the regular daily meals.  The counselor's investigation revealed that "due to dietary restraints, religious groups were told that they could observe their religious feasts during normal meals.  This is the normally scheduled evening meal and it is the Offenders choice to observe it as a religious feast."  Middendorf's response, dated March 26, 2004, found this rationale to be

reasonable and, thus, denied the grievance.  Anderson's response, dated October 13, 2004, and endorsed by Walker, agreed.

The Court is unaware of any constitutional requirement that religious meals be separated from the regular meals in an institution.  Accordingly, no constitutional right was violated on these occasions; thus, Middendorf, Anderson, and Walker did not violate Plaintiff's rights with their respective responses to his grievance over this matter.

Plaintiff's next grievance, dated July 14, 2003, complains that he was denied a Kosher diet. According to his exhibits, certain tenets of the House of Yahweh (another name for the Hebrew Israelite faith) are incompatible with the Kosher Fare Common diet.  Therefore, "the House of Yahweh recommends the Vegan diet for inmates affiliated" with that religious faith, as stated by David Heimerman, an Elder within the House of Yahweh.  The Court cannot find fault with Defendants' response to this grievance, as Plaintiff's exhibits clearly indicate that the Kosher diet is not appropriate for his religious faith.

In sum, the Court believes it made the correct decision in dismissing Middendorf, Walker, Hile, and Anderson from this action.  Accordingly, this portion of the instant motion is **DENIED**.

### APPOINTMENT OF COUNSEL

Plaintiff also asks the Court to reconsider his request for appointment of counsel.  As support for argument, he relies upon "the complexity of the Religious Land Use And Institutionalized Person's Act and it application to this case."  However, there is absolutely no mention of RLUIPA in the amended complaint, and Plaintiff cannot add a RLUIPA claim simply by referring to the statute in this motion.  Furthermore, upon review of the record, the Court remains persuaded that

its ruling denying appointment of counsel was correct.  Therefore, this portion of the instant motion is also **DENIED**.

**IT IS SO ORDERED.**

DATED:  03/15/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge