IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALZONTA MAGEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Case No.  05-87-GPM-PMF |
| | ) | |
| STEPHEN KEIM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion to dismiss (Doc. No. 18). Plaintiff filed this action pursuant to 42 U.S.C. § 1983, claiming that the defendants interfered with his efforts to practice his religious beliefs in prison by failing to accommodate his religious dietary needs. The motion is opposed (Doc. No. 20).

The defense motion was filed pursuant to Rule 12(b)(6). The first step in evaluating the sufficiency of a pleading is to give pro se allegations a liberal interpretation, accept as true all well-pleaded facts, and draw all inferences in favor of the plaintiff. If, so viewed, the allegations put the defendants on notice that plaintiff is asserting a First Amendment claim and his allegations do not rule out the possibility that the defendants violated the applicable legal standard, the pleading cannot be dismissed. That is, dismissal is proper only if it is "beyond doubt" that plaintiff could prove no set of facts consistent with his complaint that would entitle him to relief. *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998).

As noted above, plaintiff alleges interference with his efforts to practice religious dietary

beliefs (Doc. No. 5). It is well established that prisoners have the right to freely exercise their religious beliefs. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348(1987). However, a prisoner's right to freely exercise his religious beliefs does not depend on his ability to pursue each and every aspect of a preferred religious practice. Rather, "[a] prison may restrict a prisoner's ability to adhere absolutely to a particular tenet of his religion, and if the prison has sound penological interests supporting the restriction and, if those interests outweigh the prisoner's religious interests, the restriction does not violate the First Amendment. *Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir.1996) *citing O'Lone*, 482 U.S. at 352.

Plaintiff also asserts a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). With respect to this claim, plaintiff may be able to prove that the alleged restrictions on his diet created a substantial burden on the exercise of his religious beliefs. If he succeeds, the burden shifts to the defendants to show that the restriction furthers a compelling state interest by the least restrictive means. 42 U.S.C. § 2000cc-1(a); *Charles v. Verhagen*, 348 F.3d 601 (7th Cir. 2003).

The allegations in the Amended Complaint are sufficient to place the defendants on notice that plaintiff is asserting violations of his First Amendment right to freely exercise his religious beliefs and statutory rights protected by RLUIPA. Moreover, those allegations do not rule out the possibility that plaintiff can prove facts in support of his claims.

IT IS RECOMMENDED that defendants' motion to dismiss (Doc. No. 18) be DENIED.

**SUBMITTED:  January 19, 2007.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
