IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALZONTA MAGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-087-GPM |
| | ) |
| STEPHEN KEIM, WILLIAM SPILLER, EUGENE MCADORY, DEBI MIDDENDORF, ROGER E. WALKER, JR., SHERRY HILE, and TERRI ANDERSON, | ) ) ) ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This action is before the Court on Plaintiff's remaining claim brought pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C.A. §2000cc-1 to 2000cc-5. In a Memorandum and Order dated February 28, 2008 (*see* Doc. 66), this Court questioned whether Plaintiff's claim for monetary damages under this statute could succeed in light of the state's sovereign immunity. *See Williams v. Miller*, No. 04-342-MJR, 2007 WL 2893641 (S. D. Ill. Sept. 28, 2007); *Nelson v. Miller*, No. 03-254-CJP, 2007 WL 294276 (S. D. Ill. Jan. 30, 2007). The facts underlying Plaintiff's claims are set forth in the February 28 Order, which found that the constitutional claims for religious discrimination fail as a matter of law. In a nutshell, Defendants are employees of the Illinois Department of Corrections who are being sued in their official capacities. Thus, the claim against them is actually a suit against the state, and the Eleventh Amendment generally bars such claims. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

The parties have filed supplemental briefs on this issue as ordered. Defendants argue that

monetary damages against them in their official capacities are barred by the Eleventh Amendment (*see* Doc. 69). Magee argues that Defendants have waived their sovereign immunity by accepting federal funds for prison activities (*see* Doc. 71). Magee has also filed a "complaint for injunctive relief," which the Court construes as a motion for permanent injunction (*see* Doc. 67). He also asks the Court to alter or amend its judgment on the constitutional claims.

District Judge Michael J. Reagan was correct that "mere receipt of federal funds does not effect a waiver of sovereign immunity, and Congress must unambiguously express its intent for such a quid pro quo waiver." *Williams*, No. 04-342-MJR, 2007 WL 2893641, at * 7 (citing *Cherry v. Univ. of Wisconsin Sys. Board of Regents*, 265 F.3d 541, 554 (7th Cir. 2001)). Magee's claims for monetary damages under the RLUIPA against Defendants, insofar as they are sued in their official capacities, fail as a matter of law.

Magee urges the Court to find that he also has a claim against Defendants in their individual capacities. There is, however, nothing in the plaintiff's complaint or other papers that suggest any defendant personally did anything to make him or her liable to Magee under the RLUIPA. To the contrary, the record in this case reflects that the actions taken by Defendants were done in accordance with institutional and Illinois Department of Corrections directives. There is nothing to support a claim against Defendants in their individual capacities.

So, only Magee's statutory claim for equitable relief remains. The Court notes from the docket sheet, however, that Magee is no longer housed at Menard Correctional Center (*see* Docs. 72, 73). In general, a prisoner's move from one prison to another moots his claims that are based only on the actions of officials at the first prison:

> If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless "he can demonstrate that he is likely to be retransferred." *Moore v. Thieret*, 862 F.2d 148, 150 (7th

> Cir.1988). Allegations of a likely retransfer may not be based on mere speculation. *Preiser v. Newkirk*, 422 U.S. 395, 403, 95 S.Ct. 2330, 2335, 45 L.Ed.2d 272 (1975). Furthermore, "the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subject to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974)); see also *Moore*, 862 F.2d at 150.

*Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Here, Magee's complaints relate only to Defendants' (who work at Menard Correctional Center, and not at Hill Correctional Center in Galesburg, Illinois, where he is currently housed) actions in violating his constitutional and statutory rights to religious freedom at Menard Correctional Center. Thus, his transfer to Hill Correctional Center moots his claim to injunctive and declaratory relief; he has not made any showing or argument that he is likely to be retransferred.

Finally, the Court has considered Magee's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The Court notes that judgment has not been entered, so the Court construes this motion as a request that the Court reconsider its February 28 Order. The Court has done so, and still finds that the constitutional claims fail as a matter of law.

Accordingly, the motion to alter or amend judgment (Doc. 68) is **DENIED**; the motion for permanent injunction (Doc. 67) is **DENIED**, and the claims brought pursuant to the RLUIPA are **DISMISSED on the merits**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 04/28/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge