**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ALZONTA MAGEE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 05-87-GPM** |
| | ) | |
| STEPHEN KEIM, WILLIAM SPILLER, | ) | **APPEAL NO. 08-2260** |
| E U G E N E   M C A D O R Y ,   D E B I | ) | |
| MIDDENDORF, ROGER E. WALKER, JR., | ) | |
| SHERRY HILE, and TERRI ANDERSON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Magee seeks relief under Rule 60(b) from this Court's April 28, 2008, judgment dismissing his case on the merits. He appealed the judgment to the Seventh Circuit Court of Appeals. This Court heard arguments on the motion May 4, 2009, and now advises the Court of Appeals that it is inclined to grant the motion.

The issue is whether this Court erroneously dismissed a claim for injunctive relief brought pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendant Roger E. Walker, Jr., based on a system-wide policy of the Illinois Department of Corrections to deny Magee a kosher diet. Magee, a member of the House of Yahweh faith, first requested a kosher diet in 2003 while he was imprisoned at Menard Correctional Center. He believes a kosher diet would satisfy his religious beliefs and practices. The Department of Corrections only approved him for a vegan diet.

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence…; (3) fraud…; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated…; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).   This rule authorizes the Court to relieve a party from a final judgment when such relief is needed to "accomplish justice," *see Klapport v. United States*, 335 U.S. 601, 615 (1949), and the decision whether to grant such relief rests within the Court's sound discretion. *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795 (7th Cir. 1980).

When this Court entered judgment, it believed that Magee's claim for injunctive relief were moot because Magee had been transferred to a new facility, Hill Correectional Center.  The Court entered its Order *sua sponte*, without asking the parties to brief the issue.  Magee has now presented the Court with newly discovered evidence that his claim for injunctive relief is not moot.  To the contrary, his kosher diet request has also been denied at the new facility, suggesting that Magee might succeed on a claim that there is a system-wide policy at work.

The Court recognizes that Rule 60(b) relief is "an extraordinary remedy" to be granted "only in exceptional circumstances," *see McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000), but the Court finds these circumstances to be exceptional.  Granting the motion would accomplish justice and achieve judicial economy because this Court could decide the injunctive relief claim without the necessity of a new lawsuit.

Accordingly, should the Court of Appeals remand the case, this Court will grant Magee's

motion. The Clerk of Court shall transmit a copy of this Memorandum and Order to the Court of Appeals.

**IT IS SO ORDERED.**

DATED: 05/07/09

s/ *G. Patrick Murphy*

G. Patrick Murphy
United States District Judge